UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO.: 1:18-cv-11990-LTS

RAOUL MARRADI,

        Plaintiff,

vs.

LEONE 2016 TRUST
and VICTOR LEONE, JR.,

        Defendants.
_____/

## SUGGESTION OF DEATH OF PLAINTIFF RAOUL MARRADI

Plaintiff's counsel hereby provides notice that, upon information and belief, Plaintiff Raoul Marradi has passed away, and further states as follows:

1. Rule 25(a), Fed.R.Civ.P., provides, in pertinent part, as follows:

   (a) DEATH.

   (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

   (2) *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

   (3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

2. The express language of Rule 25 is silent about who may file a suggestion of death. The rule simply says that once "death is suggested upon the record by service of a statement of the

fact of death," a motion for substitution must be made within ninety days or the action will be dismissed as to the deceased party.

3. Federal Courts have held that the filing of a suggestion of death by the deceased's law firm does not trigger the ninety-day time period. *See e.g. Rende v. Kay*, 415 F.2d 983 (D.C.Cir.1969); *Hilsabeck v. Lane Co.*, 168 F.R.D. 313 (D.Kan.1996); *Smith v. Planas*, 151 F.R.D. 547 (S.D.N.Y.1993); *Al-Jundi v. Estate of Rockefeller*, 757 F.Supp. 206 (W.D.N.Y.1990). The federal courts in these cases, interpreting Federal Rule 25, held that a suggestion of death filed by the decedent's law firm does not trigger the ninety-day time period for a motion for substitution because a suggestion of death must be filed by a party or the successors or representatives of the deceased party. This interpretation of rule 25, advanced in *Rende*, 415 F.2d at 983, has been followed by several federal courts. *See e.g., Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir.1985); *Hilsabeck*, 168 F.R.D. at 314; *see also Boggs v. Dravo Corp.*, 532 F.2d 897, 900 (3d Cir.1976); *Smith*, 151 F.R.D. at 549-50; *Al-Jundi v. Rockefeller*, 88 F.R.D. 244, 246 (W.D.N.Y.1980). *But see Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467 (2d Cir.1998) (rejecting the notion that federal rule 25 requires a suggestion of death be filed by a party or the successors or representatives of the deceased party).

4. Plaintiff's counsel is unaware of who has been designated or is serving as the successors or representatives of Raoul Marradi, if anyone.

Respectfully submitted,

By: /s/Edward N. Garno, Esq.
Edward N. Garno, Esq.
147 Central Street, Suite 213
Lowell, Massachusetts 01852
Telephone: (978) 397-2400
Facsimile: (978) 455-1817
E-mail: nedgarno@hotmail.com
Massachusetts Bar No.: 564378
Counsel for Plaintiff

By: /s/Todd W. Shulby, Esq.
Todd W. Shulby, Esq.
Todd W. Shulby, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Florida Bar No.: 068365
Counsel for Plaintiff

CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on November 5, 2018, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: William F. Burke, Esq.

WE HEREBY CERTIFY that on November 5, 2018, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and will furnish a copy of the foregoing to the following non-CM/ECF participants: None.

By: /s/Todd W. Shulby, Esq.
Todd W. Shulby, Esq.