RAOUL MARRADI,
    Plaintiff,

v.

LEONE 2016 TRUST and VICTOR LEONE, JR.
    Defendants.

## DEFENDANTS LEONE 2016 TRUST AND VICTOR LEONE, JR. ANSWER TO COMPLAINT

Defendants Leone 2016 Trust and Victor Leone, Jr. ("Defendants") hereby respond to the allegations in the Complaint of the Plaintiff, Raoul Marradi (the "Plaintiff"), as follows:

### Introduction

Defendants are without knowledge and lacks sufficient information to confirm or deny the allegations in the first, non-numbered paragraph of the Complaint and therefore denies these allegations.

### Jurisdiction

1. Paragraph 1 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph 1. Further answering, Defendant denies the remaining allegations that it failed to remove physical barriers to access and that it violated Title III of the Americans with Disabilities Act.

### Parties

2. Defendants deny the allegations that it failed to remove physical barriers to access and that it violated Title III of the Americans with Disabilities Act. Further answering,

Defendants are without knowledge and lacks sufficient information to confirm or deny the remaining allegations contained in Paragraph 2 and therefore denies these allegations.

3. Defendants are without knowledge and lacks sufficient information to confirm or deny the allegations contained in Paragraph 3 and therefore denies these allegations.

4. Defendants are without knowledge and lacks sufficient information to confirm or deny the allegations contained in Paragraph 4 and therefore denies these allegations.

5. Denied.

6. Defendants Leone 2016 Trust and Victor Leone, Jr. owns and operates the restaurant, doing business as Leone's Sub & Pizza (the "Restaurant"), located at or about 292 Broadway Avenue, Somerville, MA (the "Property"). Defendants, on information and belief, holds record title to the real Property. Defendants deny the remaining allegations contained in Paragraph 6.

## Factual Allegations and Claim

7. Paragraph 7 contains a statement of law to which no response is required. To the extent a response is required, Defendants are without knowledge and lacks sufficient information to confirm or deny the allegations contained in Paragraph 7 and therefore denies these allegations.

8. Defendants are without knowledge and lacks sufficient information to confirm or deny the allegations contained in Paragraph 8 and therefore denies these allegations.

9. Defendants are without knowledge and lacks sufficient information to confirm or deny the allegations contained in Paragraph 9 and therefore denies these allegations.

10. Paragraph 10 contains a statement of law to which no response is required. To the extent a response is required, Defendants are without knowledge and lacks sufficient information

to confirm or deny the allegations contained in Paragraph 10 and therefore denies these allegations.

11.     Paragraph 11 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 11.

12.     Paragraph 12 contains a statement of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 12.

13.     Defendants are without knowledge and lacks sufficient information to confirm or deny the allegations contained in Paragraph 13 and therefore denies these allegations.

14.     Defendants deny the allegation that dangerous conditions exist at the subject Restaurant.  Further answering, Defendants are without knowledge and lacks sufficient information to confirm or deny the remaining allegations contained in Paragraph 14 and therefore denies these allegations.

15.     Defendants deny the allegation that dangerous conditions exist at the subject Restaurant.  Further answering, Defendants are without knowledge and lacks sufficient information to confirm or deny the remaining allegations contained in Paragraph 15 and therefore denies these allegations.

16.     Denied.

17.     Defendants deny the allegation that it has discriminated against Plaintiff.  Further answering, Defendants are without knowledge and lacks sufficient information to confirm or deny the remaining allegations contained in Paragraph 17 and therefore denies these allegations.

18.     Defendants are without knowledge and lacks sufficient information to confirm or deny the allegations contained in Paragraph 18 and therefore denies these allegations.

19. Defendants deny the allegation that it has discriminated against Plaintiff. Further answering, Defendants are without knowledge and lacks sufficient information to confirm or deny the remaining allegations contained in Paragraph 19 and therefore denies these allegations.

20. Paragraph 20 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants are without knowledge and lacks sufficient information to confirm or deny the allegations contained in Paragraph 20 and therefore denies these allegations.

21. Denied.

22. Defendants are without knowledge and lacks sufficient information to confirm or deny the allegations contained in Paragraph 22 and therefore denies these allegations.

23. Paragraph 23 contains a statement of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 23.

## **Affirmative Defenses**

### First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Defense

The Court lacks subject matter jurisdiction over Plaintiff's claims.

### Third Defense

Plaintiff lacks standing to bring the instant action.

### Fourth Defense

Plaintiff's Complaint must be dismissed because: (i) the alleged barrier removal sought therein is not readily achievable or otherwise able to be performed without significant expense or

difficulty; and because (ii) Plaintiff has failed to aver modifications that would not constitute an undue burden upon Defendants or that are otherwise structurally practicable.

Fifth Defense

Plaintiff's Complaint must be dismissed because the alleged barrier removal sought therein would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations of the subject Property and/or Restaurant.

Sixth Defense

Plaintiff is not entitled to the relief sought under the Complaint and/or any recovery of his attorney's fees or costs because Plaintiff failed to provide Defendants with any sufficient notice or opportunity to cure any alleged violations.

Seventh Defense

Plaintiff's Complaint must be dismissed because Plaintiff has suffered no loss, damage or irreparable harm and will suffer no loss, damage or irreparable harm pursuant to the allegations averred in the Complaint.

Defendants, respectfully, reserve the right to assert further affirmative defenses that may become known during the course of discovery.

**Prayer for Relief**

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief sought in the Complaint and respectfully requests that this Court dismiss the Complaint and award Defendants their costs in this action.

#3086132 108508/0

Defendants
LEONE 2016 TRUST and VICTOR LEONE, JR.
By their attorney,

/s/ *William F. Burke*
William F. Burke, Esq. (BBO #065780)
wburke@princelobel.com
PRINCE LOBEL TYE LLP
One International Place – Suite 3700
Boston, MA 02110
T: (617) 456-8000
F: (617) 456-8100

Dated: November 20, 2018

## CERTIFICATE SERVICE

I, William F. Burke, hereby certify that on November 20, 2018, a true and accurate copy of this Answer to Complaint, was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: November 20, 2018		/s/ William F. Burke
				William F. Burke